IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG<br>1657 THE FAIRWAY #131<br>JENKINTOWN, PA 19046<br><br>      Plaintiff<br><br>vs.<br><br>CALLER IDENTIFIED AS "JENNIFER"<br><br>      Defendant. | Case No. 2:21-cv-2188<br><br>JURY TRIAL DEMANDED |

## MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Twilio Inc. and any subsequent downstream providers as Twilio may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number 501-200-4586. In support thereof, Plaintiff states the following:

    I.      INTRODUCTION

As set forth in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity conducting polling. Compl. ¶28. The call came from the apparently legitimate caller ID 501-200-4586. *Id.* ¶26.

However, the Plaintiff does not know the legal entity who placed the calls. When the number is called back, the caller is simply transferred to a voicemail box and only has the

1

capability of leaving a voicemail message. *See* Compl. ¶32. The Plaintiff is also ignorant of any address to serve the Defendant because Defendant used prerecorded messages with the generic name "Jennifer" and did not state the polling company or other corporate entity from whom they were calling.

Plaintiff has queried the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the telephone number 501-200-4586 in this database reveals that the number is serviced by Onvoy, LLC, who subsequently resold carrier services to the carrier Twilio Inc. This database does not reveal subscriber identity, however, as that information remains with the carrier, in this case, Twilio Inc.

In short, seeking the subscriber information for the telephone number 501-200-4586 from the carrier, Twilio Inc., and any downstream carriers it may use, is the only way in which Plaintiff will be able to ascertain the true identity of the caller and effectuate service of process. Plaintiff will only use this information to prosecute the claims made in its Complaint and any amended pleadings in this matter. Without this information, Plaintiff cannot pursue this lawsuit to hold the company that called him accountable for its actions in violating the TCPA.

II.   **LEGAL ARGUMENT**

    a. **Legal Standard Governing Discovery Requests to Identify an Anonymous Defendant**

Cases such as this are the paradigm for when courts should grant leave to conduct pre-Rule 26(f) conference discovery. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining

identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

The Third Circuit has instructed that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it*." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"). And, "[i]n conducting any discovery inquiry, the Third Circuit has suggested that district courts risk reversal if their rulings will make it impossible for any party to 'obtain crucial evidence[.]'" *Strike 3*, 2020 WL 3567282 at *5 (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)).

"Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. [However], [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a requestshould be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (citation omitted). In this District, courts typically determine whether "[g]ood cause exists to allow the issuance of a subpoena at this early stage," based on five factors:

3

(1) plaintiff makes a *prima facie* showing of a claim, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). Although the Plaintiff notes that an almost identical motion to this one was granted two other cases in this District, the Plaintiff will address each of these factors in turn. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4; Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12.

### b. Good Cause Exists to Grant Plaintiff's Motion.

*Frist,* the Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that on May 6, 2021, he received at least one call from the Defendant. Compl. ¶ 26. The Plaintiff has alleged that the call used an ATDS and using prerecorded messages. *Id.* at ¶¶ 28, 31. The call was placed to a telephone number for which the Plaintiff is charged. *Id.* at ¶¶ 23–25, 34. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations.

*Second,* the Plaintiff seeks discovery for specific concrete information pertaining to the telephone number 501-200-4586. As indicated above, the Plaintiff only seeks information to identify the subscriber of the telephone number at issue in this case, to include the name of the subscriber, address, contact telephone number, website, and e-mail address. In cases alleging copyright infringement, court have determined that similar subscriber identity information

4

pertaining to an IP (Internet Protocol) address was "highly specific." *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

*Third,* there exist no alternative means whereby the Plaintiff can obtain the subpoenaed information. Calling the telephone number leads to a dead end because it simply gets transferred to voicemail. The name provided by the Defendant is generic and was designed to conceal its identity. Finally, searching information about the telephone number itself turns up empty. A simple google search of the number indicates that the caller is calling with the same survey call the Plaintiff received – information that bolsters the Plaintiff's claims, but which is otherwise of little use. *See Catlin v. Glob.*, No. 14-CV-6324L, 2014 WL 3955220, at n1 (W.D.N.Y. Aug. 13, 2014) (TCPA defendant who stated that their company name was "Global"); *see also 501-200-4586*, NOMOROBO (May 14, 2021), https://www.nomorobo.com/lookup/501-200-4586. Additionally, searching the number in the Caller ID Database and in national skip tracing databases turn up no results, with the Caller ID Database simply identifying the geographic area of the telephone number (Ashdown, Arkansas). Just as "there is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider," the same is true here. *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). The Plaintiff has no way of identifying the caller's identity except through a subpoena on its telephone carrier.

*Fourth,* there is a central need for the subpoenaed information. As previously described, the Plaintiff cannot properly serve "Jennifer" or the entity she recorded the survey for – or even confirm if this is the true name of the Defendant – without first ascertaining its identity from its telephone carrier. The identity of a defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation. *Sony Music Entm't Inc. v. Does 1-40*, 326

F. Supp. 2d 556, 566 (S.D.N.Y. 2004). And, once the Plaintiff has obtained this information, he can further investigate his claims and confirm that he has a good-faith basis to proceed. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Indeed, a sister court, in granting leave to conduct expedited discovery in a TCPA case under similar circumstances as here, held that "plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information." *Catlin*, 2014 WL 3955220, at *2.

*Finally,* the Defendant in this case has a minimal expectation of privacy in its own name and address. The Defendant called the Plaintiff and attempted to engage the Plaintiff in a survey. Compl. ¶ 28. It identified itself only as "Jennifer." *Id*. Unlike in copyright infringement cases where an IP address is at issue, there is no federal statute protecting the release of a telephone subscriber's information, unlike IP addresses. Moreover, like in these cases, the Defendant has no reasonable expectation of privacy when they took steps themselves to contact the Plaintiff, essentially holding its telephone number out to the world. *See in re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003). A company who violates this nation's telemarketing laws has little privacy interest in its own name and address. *Catlin*, 2014 WL 3955220, at *2.

    c.  **Granting this Motion Conforms to Existing Precedent**

Plaintiff notes that courts frequently grant similar motions the TCPA context when critical information pertaining to the calls at issue in the case and the identity of the caller are only available from a telephone company. *See, e.g., Richardson v. Virtuoso Sourcing Grp., L.L.C.*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015) (expedited discovery in TCPA case in the context of motion for default judgment); *Catlin*, 2014 WL 3955220, at *2 (expedited discovery to serve defendant in a TCPA lawsuit). Indeed, two

other judges in the Eastern District of Pennsylvania granted nearly identical motions mere months ago with respect to Plaintiff. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4 (Pratter, J.); Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12 (Rufe, J.). Given that the interests here are similar to those in existing cases and given that the risks involved in obtaining such information are nowhere near as potentially harmful or embarrassing as those of copyright infringement of sexual content, the court should GRANT Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court should GRANT the Plaintiff leave to serve a Rule 45 subpoena on Twilio Inc. and any subsequent downstream telephone providers as Twilio may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number 501-200-4586.

[Signature Page Follows]

Dated: **May 21, 2021**

*/s/ Andrew Perrong*
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

    Plaintiff

vs.

CALLER IDENTIFIED AS "JENNIFER"

    Defendant.

Case No. 2:21-cv-2188

JURY TRIAL DEMANDED

### [PROPOSED] ORDER ON MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve A Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby **FIND, ORDER AND ADJUDGE**:

1. Plaintiff established that "good cause" exists for him to serve a third-party subpoena on Twilio Inc. and any downstream telephone providers it identifies.

2. Plaintiff may serve Twilio Inc. and any downstream telephone providers it identifies a Rule 45 subpoena commanding the(m) to provide Plaintiff with the true name, address, contact telephone number, website, and e-mail address for the subscriber(s) to the telephone number 501-200-4586.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other entity that is identified in response to the subpoena as a sub-provider, lessor, call center, aggregator, or similar provider, of the calls to the Defendant.

1

2

4. Plaintiff may use the information disclosed in response to these subpoenas for the purpose of enforcing his TCPA claims, as more fully set forth in his complaint.

DONE AND ORDERED this ___ day of _____, 202___.

By: _____

Hon. John M. Younge , U.S. District Judge

U.S. POSTAGE $0.75
18966
Date of sale
05/22/21
06 SSK
11488693 2SS
8914105221144730

Clerk's Office
USDC EDPA
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Andrew Perrong
1657 The Fairway #131
Jenkintown, PA 19046

Quality Park Item #90019
Treated with an antimicrobial agent to protect the envelope from the growth of bacteria, mold, mildew, fungus and odors
Avec traitement antimicrobien pour protéger l'enveloppe des bactéries et des organismes mycéliens, de la moisissure et la moisissure et la fongosité et prévenir ainsi les mauvaises odeurs.
*Licensed by Silverco - Sous licence Silverco*