## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LIFE CORPORATION,<br><br>     Defendant. | Civil Action No. 2:21-cv-02188-JMY<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Life Corporation, by and through its undersigned attorney, hereby submits its Answer to Plaintiff Andrew Perrong's First Amended Class Action Complaint ("Complaint") and states as follows:

### Preliminary Statement

1. Plaintiff Andrew Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 745 (2012).

> **ANSWER**: This paragraph states conclusions of law to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

2.      Life Corporation ("Defendant" or "Life Corporation") sent pre-recorded message automated calls to phone numbers, including Plaintiff, which is prohibited by the TCPA.

**ANSWER**: This paragraph states conclusions of law to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

3.      The Plaintiff never consented to receive such calls, which were placed to him for polling purposes. Because polling campaigns generally place calls to hundreds of thousands or even millions of recipients *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal automated calls from or on behalf of Defendant.

**ANSWER**: Denied.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal calling and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER**: Denied.  By way of further response and upon information and belief, Plaintiff's arrangement for VoIP services was set-up for the purpose of manufacturing TCPA litigation.  Plaintiff's claim is inherently individualized and not amenable to class treatment under Rule 23.

2

## Parties

5.      Plaintiff Andrew Perrong is a Pennsylvania resident, and a resident of this District.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

6.      Defendant Life Corporation is a Texas corporation with a principal place of business of 1527 S. Cooper St., Arlington, TX.

**ANSWER**: Admitted.  By way of further response, any calls to Plaintiff would have been made by Life Corporation's affiliate, Voice Broadcasting, Inc., not by Life Corporation. Therefore, Life Corporation is an improper defendant.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services*, LLC, 132 S. Ct. 740 (2012).

**ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required. Defendant specifically denies that the Court has subject matter jurisdiction over the claims since, among other things and upon information and belief, Plaintiff actively pursues TCPA litigation for profit and is therefore not among the group of individuals that Congress intended to protect in the TCPA.

8.     This Court has personal jurisdiction over Life Corporation because it made the calls at issue into this District.

**ANSWER**: This paragraph states conclusions of law to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied. Defendant denies that the Court has personal jurisdiction over Life Corporation with respect to the claims of non-Pennsylvania absent potential class members, and Defendant reserves all rights in this regard.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff was placed into this District.

**ANSWER**: This paragraph states conclusions of law to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

**The Telephone Consumer Protection Act**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**: The allegations in this paragraph are both legal conclusions and conclusions about lawmakers' intentions, to which no answer is required.

The TCPA Prohibits all Automated Calls to Protected Numbers

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required.

12.     Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass 'n of Pol. Consultants, Inc*,

140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

>   **ANSWER**: The allegations in this paragraph are both legal conclusions and conclusions about lawmakers' intentions, to which no answer is required. By way of further response, Defendant denies that Mr. Perrong has standing to assert the alleged claims since, among other things and upon information and belief, Plaintiff actively pursues TCPA litigation for profit and is therefore not among the group of individuals that Congress intended to protect in the TCPA.

13.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

>   **ANSWER**: The allegations in this paragraph are both legal conclusions and conclusions about lawmakers' intentions, to which no answer is required.

14.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

>   **ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required.

15.     This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013).

**ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required.

16.     "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes political and survey calls. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules – Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Red. 1940, 1941 n. 6 (2016) [hereinafter FCC Advisory].

**ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required.

### Factual Allegations

17.     Defendant is in the business of conducting polling and proving associated research services.

**ANSWER**: Admitted.

18.     To conduct these polls, Defendant relies on automated calling.

**ANSWER**: The allegations in this paragraph are both legal conclusions to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

19.     One of the polling strategies used by Defendant involves the use of pre-recorded calls.

**ANSWER**: The allegations in this paragraph are both legal conclusions to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

The Calls to Mr. Perrong

20.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

21.     Plaintiff's telephone number is (215) 947-XXXX (the "Number").

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

22.     The Number is assigned to a Voice over Internet Protocol (VoIP) telephone service, which allows for voice calls to be placed over a broadband Internet connection.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

23.    That Number, which is assigned to a VoIP telephone service, is charged for each call it receives.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

24.    The VoIP telephone service for the Number is Anveo.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

25.    The services charges a ring charge of $0.005 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

26.    The service also charges a per-minute charge of $0.004 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

27.     The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any call placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER**: The allegations in this paragraph are legal conclusions to which no answer is required.

28.     On at least May 6, 2021 at 6:50 PM, the Plaintiff received a pre-recorded call from the Defendant with the caller ID 501-200-4586.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

29.     Around the same time frame, the Plaintiff received calls from similar generic-sounding entities conducting polling but with whom the Plaintiff did not engage. The Plaintiff therefore alleges that discovery may reveal more calls from Defendant besides the one listed herein.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.  To the extent a response is required, denied.

30.     The call began with a recorded message indicating that the caller, "Jennifer" was conducting a survey on "current topics for survey research purposes only" and requested that the call recipient press "Press 1" if they thought Amazon

treats workers fairly, "Press 2" if they thought Amazon takes advantage of workers, or to "Press 3" if they were unsure.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

31.    In fact, the entire call was conducted with pre-recorded messages.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

32.    At the conclusion of the call, the caller was not identified.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

33.    Indeed, Mr. Perrong had to file this lawsuit as a "Jane Doe" action to identify the caller.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

34.    The Plaintiff never provided his consent or requested these calls.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

35.    The Plaintiff was charged $0.0320 for the call.

**ANSWER**: Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

36.     Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated call and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

**ANSWER**: This paragraph states conclusions of law to which no answer is required. To the extent an answer is required, the allegations in this paragraph are denied.

**Class Action Allegations**

37.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

38.     The classes of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their telephone number for which they are charged per call or

12

cellular telephone number; (c) using the same or similar recorded message used to contact Plaintiff's Number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

39.    Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

40.    The class as defined above is identifiable through phone records and phone number databases.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied. By way of further response, there is no feasible method to identify the purported class.

41.     The potential class members number at least in the thousands, since automated calling campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

42.     Plaintiff Perrong is a member of the class.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

43.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

   • Whether Defendant violated the TCPA by using pre-recorded message technology to call telephone numbers of class members;

   • Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

   • Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

14

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

44.     Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied. By way of further response, Plaintiff's claims are atypical and highly individualized.

45.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

46.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns

identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

> **ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

47.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

> **ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

48.     The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

49.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

**Legal Claims**
**Count One:**
**Violation of the TCPA's Prohibition Against Automated Calling Via Pre-Recorded Message**

50.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER**: Defendant incorporates by reference its answers and responses to the previous paragraphs as if fully set forth herein.

51.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls,

except for emergency purposes, to the telephone number(s) of Plaintiff using an artificial or prerecorded voice.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

52.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

53.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

**ANSWER**: This paragraph makes legal assertions or conclusions of law to which no answer is required. To the extent an answer is required, the assertions and conclusions are denied.

54.    The Defendant's violations were willful and/or knowing.

**ANSWER**: Denied.

## DEFENSES

Life Corporation asserts the following defenses and affirmative defenses without assuming any of Plaintiff's burdens of proof. Life Corporation incorporates by reference the answers to the paragraphs above as to each of the following defenses. Life Corporation reserves the right to assert additional defenses that are discovered during the course of this action.

1.    The First Amended Complaint fails to state a claim on which relief may be granted.

2.    Plaintiff and/or the putative classes' claims are barred in whole or in part by waiver.

3.    Plaintiff's and/or the putative classes' claims are barred in whole or in part by estoppel.

4.    Plaintiff's and/or the putative classes' claims are barred in whole or in part by quasi-estoppel.

5.      Plaintiff's and/or the putative classes' claims are barred in whole or in part by acquiescence and acceptance of benefits with full knowledge of material facts.

6.      Plaintiff's and/or the putative classes' claims are barred in whole or in part by accord and satisfaction, the economic loss doctrine, and the voluntary payment doctrine.

7.      Plaintiff's and/or the putative classes' claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

8.      Plaintiff's and/or the putative classes' claims are barred in whole or in part by lack of standing.

9.      Plaintiff's and/or the putative classes' claims are barred in whole or in part by the doctrine of unclean hands and/or bad faith.

10.     Plaintiff's and/or the putative classes' claims are barred in whole or in part by the applicable terms and conditions, including without limitation liability limitations, arbitration provisions, and class action waivers.

11.     Any purported damages allegedly sustained by Plaintiff's or any putative class member were the direct and proximate result of the risk that they knowingly, intentionally, and voluntarily assumed by specifically establishing a VoIP telephone service agreement that charged Plaintiff per call, for the explicit purposes of manufacturing claims and supposed damages under the TCPA.

12.     To the extent that Plaintiff's or any putative class members are or were required to exhaust any administrative remedies before pursuing this action but failed to do so, Life Corporation pleads that such failure bars this action.

13.     Plaintiff's and/or the putative class's claims are barred in whole or in part because Life Corporation is not subject to general jurisdiction in Pennsylvania and the Court lacks personal jurisdiction to the extent absent class members' claims did not arise from Life Corporation's contacts with the Commonwealth of Pennsylvania.  Life Corporate reserves the right to raise the absence of personal jurisdiction in opposition to class certification or at another appropriate time.

14.     Plaintiff's and/or the putative classes' claims are barred in whole or in part by Fed. R. Civ. P. 23.

15.     Plaintiff's and/or the putative classes' claims are barred in whole or in part because Life Corporation's business practices and conduct comply with and may be expressly authorized by applicable state law.

16.     Plaintiff's and/or the putative classes' claims should be offset by any amounts owed to Life Corporation.

Dated: September 1, 2021                    Respectfully submitted,

                                            /s/ Ezra D. Church
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            Ezra Dodd Church
                                            1701 Market Street
                                            Philadelphia, Pennsylvania 19103-2921
                                            (215) 963-5710 (telephone)
                                            (215) 963-5001 (facsimile)
                                            ezra.church@morganlewis.com

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of September, I caused the foregoing Answer to Plaintiff's First Amended Complaint to be served on the below counsel of record for Plaintiff via CM/ECF:

G. Clinton Kellev
G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5599
E-mail: gcicesq@gmail.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
Subject to Pro Hac Vice

*Counsel for Plaintiff and Putative Class*


/s/ *Ezra D. Church*
Ezra D. Church