IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG<br><br>Plaintiff, individually and on behalf of others similarly situated.<br><br>vs.<br><br>LIFE CORPORATION<br><br>Defendant. | Civil Action No. 21-cv-2188-JMY |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on September 30, 2021 and submit the following report of their meeting for the court's consideration:

**1.     Discussion of Claims, Defenses and Relevant Issues**

*Summary of Claims*

Plaintiff's complaint asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. 227 and proposes class certification for that claim, which alleges that the Defendant violated 47 U.S.C. § 227(b)(1)(A) by placing prerecorded calls without the prior express consent of the called party.

*Factual Background*

The Defendant is in the business of conducting polling and proving associated research services and used pre-recorded calls to engage in polling. Mr. Perrong alleges that he received a

1

pre-recorded call that appears to have been for research purposes, including at least on May 6, 2021. The Caller ID for the call was (501) 200-4586.

The call began with a recorded message indicating that the caller, "Jennifer" was conducting a survey on "current topics for survey research purposes only" and requested that the call recipient press "Press 1" if they thought Amazon treats workers fairly, "Press 2" if they thought Amazon takes advantage of workers, or to "Press 3" if they were unsure. In fact, the entire call was conducted with pre-recorded messages.

At the conclusion of the call, the caller was not identified. As such, Mr. Perrong had to file this lawsuit as a "Jane Doe" action to identify the caller. He did so by issuing a subpoena to Twilio, who identified the Defendant as the entity that owns that number. He then retained counsel, who filed this putative class action complaint.

*Plaintiff's Summary of Issues and Discovery Needed*

The primary issues in the case are (1) the propriety of Class Certification; and (2) Whether Life Corporation had any of the requisite consent to make any of the pre-recorded calls.

Plaintiff will need discovery with respect to all of these issues, and the discovery needed as to each issue often overlaps with the others. At a minimum, before moving for class certification, Plaintiff will need discovery into: (1) records of calls using prerecorded voice messages placed by Life Corporation, or any entity on their behalf; (2) the prerecorded scripts utilized in those messages; (3) any records of "prior express consent" Life Corporation claims to possess concerning those calls; (4) expert discovery concerning the cellular and/or charged by the call status of the numbers called; (5) expert discovery concerning the identification of class members; (6) Defendant's TCPA compliance policies and procedures; (7) Defendant's records of prior complaints concerning illegal telemarketing practices.

With respect to Defendant's assertions regarding the Plaintiff made "upon information and belief", Judge Pratter addressed many of those while denying a motion to dismiss in another action where a polling company made unsolicited calls to Mr. Perrong while hiding their identity:

> Implicit in Defendant's statutory standing argument is the notion that expertise in plaintiff-side TCPA litigation is necessarily bad—bad enough to rob a plaintiff of his *future* ability to bring cases. "Nothing [*11] in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017).3 The Court declines to give Victory Phones a "free pass" simply because they robo-dialed a caller aware of his rights under the TCPA.

*Perrong v. Victory Phones LLC*, No. 20-5317, 2021 U.S. Dist. LEXIS 132404, at *10-11 (E.D. Pa. July 15, 2021).

### *Defendant's Summary of Issues and Discovery Needed[1]*

Defendant asserts that, upon information and belief, Andrew Perrong is a serial plaintiff, and has brought the instant Telephone Consumer Protection Act ("TCPA") action not as an aggrieved consumer, but solely as part of a larger scheme to bring these cases as a money-making endeavor. Upon information and belief, Mr. Perrong actively pursues TCPA litigation for profit, and is therefore not among the group of individuals that Congress intended to protect in the TCPA. In this particular case, it appears that Mr. Perrong subscribed to the VoIP service that charged him on a per-call basis with the potential purpose of generating TCPA litigation under 47 U.S.C. § 227(b)(1)(A)(iii) (providing for a claim for an unsolicited call to a "service for which the called party is charged for the call"). Life Corporation expects to develop further in discovery and to file a motion for dismissal based on lack of standing.

---

[1] Although Plaintiff has named Life Corporation as a defendant, any called to Plaintiff would have been made by Life Corporation's affiliate, Voice Broadcasting Corp. Thus, Life Corporation is an improper defendant. This issue has been raised with Plaintiff, and the parties have agreed to continue to confer as they begin discovery and will potentially submit to the Court a motion to substitute or an amended complaint to identify the correct defendant.

Mr. Perrong's claims are also not appropriate for class certification. Given that Defendant excluded cell phone numbers from the research calls allegedly at issue, the relevant class would be limited to individuals who used a VoIP line with a per-call charge, which is unusual if not unheard of. In this case, Mr. Perrong asserts that he was charged less than four cents ($0.0320) for the alleged call. Based on the facts described above, Plaintiff is essentially a class of one and there are likely unique and individualized issues that preclude class certification and make Plaintiff inadequate and atypical. In addition, identifying other putative class members who were similarly charged for calls placed by Defendant is an individualized inquiry that cannot be accomplished on a class-wide basis.

**2.      Informal Disclosures**

*<u>Joint Statement</u>*

The parties have already exchanged their initial disclosures pursuant to Rule 26(a)(1) and have not reached any other agreements on informal disclosures.

**3.      Formal Discovery**

*<u>Joint Statement</u>*

The parties agree that all discovery conducted in the case will be conducted formally, and will need to include written Interrogatories, Requests for Production, Requests for Admission, and depositions. The parties reserve their right to seek other forms of discovery should the circumstances warrant them.

Given the complex nature of the case and the need for expert discovery as to both class certification issues and the merits, the parties believe there are compelling reasons for a discovery

period longer than 120 days. The parties therefore propose the following case management/discovery schedule:

- Fact Discovery Deadline: February 28, 2022
- Expert Disclosures: March 31, 2022
- Expert Discovery Deadline: May 31, 2022
- Class Certification Motion: June 21, 2022
- Dispositive Motion Deadline: On or before June 21, 2022

In order to preserve electronically stored information (ESI), the parties have placed a litigation hold on all potentially relevant ESI (including email communications) and have agreed to produce data as .csv files and all other ESI as text-searchable .pdf files. The parties further agree that they will bear their own costs for the production of ESI.

**4. Expert Witness Disclosures**

*Joint Statement*

The parties have agreed to an expert discovery schedule as set forth above and agree that expert discovery is relevant to class certification. The parties further agree that depositions of experts will be necessary.

**5. Early Settlement or Resolution**

*Joint Statement*

Counsel for the parties have discussed the possibility of early resolution through ADR with their clients and with opposing counsel. The parties agree that early resolution is unlikely given the need for discovery into class certification issues before meaningful settlement discussions can occur.

The parties have agreed to discuss further possibilities for resolution through ADR as the case progresses and expect that private mediation will likely be the most successful form of ADR when the time is right.

**6.     Magistrate Jurisdiction**

*Joint Statement*

The parties do not unanimously consent to transfer jurisdiction to a U.S. Magistrate Judge.

**7.     Trial date**

*Joint Statement*

The parties request the Court set a trial date upon resolution of Plaintiff's motion for class certification.

**8.     Other Matters**

*Joint Statement*

None.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com
*Attorney for Plaintiff*

*/s/ Ezra D. Church*

Ezra D. Church
MORGAN, LEWIS & BOCKIUS LLP
Ezra Dodd Church
1701 Market Street
Philadelphia, Pennsylvania 19103-2921

(215) 963-5710 (telephone)
(215) 963-5001 (facsimile)
ezra.church@morganlewis.com

Attorney for Defendant Life Corporation