IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE CORPORATION,<br><br>Defendant. | Case No. 2:21-cv-02188-JMY<br><br>Judge Younge |

**PLAINTIFF'S MOTION TO COMPEL**

The parties have a dispute over the following request and response[1]:

**Request No. 16:** Please produce all documents containing any of the following information for each outbound call sent by you or your vendors: a) the date and time; b) the caller ID; c) any recorded message; d) the result; e) identifying information for the recipient. f) the response(s) of the called party, whether then or later, and whether by SMS, IVR, voicemail, email live oral response recorded mechanically by you, live oral response summarized in written notes by you or otherwise; g) any other information stored by the call detail records.

**Response:** Defendant objects to this request to the extent that it requests information beyond the alleged pre-recorded call or calls at issue in this litigation. Subject to and without waiver of the foregoing general or specific objections, Defendant will produce the requested information with respect to the alleged call to Plaintiff.

Plaintiff and his counsel need the records of pre-recorded calls made at issue to identify putative class members and an amount of alleged violations for class certification and for trial.

---

[1] The parties have met and conferred regarding this motion, including Plaintiff's counsel Anthony Paronich communicating with Ezra Church and Elizabeth Hood on October 22, 2021, a telephone call with Elizabeth Hood on October 29, 2021, and further communications on November 5, 2021, November 17, 2021, and November 19, 2021.

Many courts, including this Court, have found "the outbound call list [to be] reasonably calculated to identify the number of recipients of calls made during the class period, which is relevant to Rule 23 requirements[.]" *Frey v. Frontier Util. Northeast Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620, at *5 (E.D. Pa. Apr. 13, 2020) (quoting *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540, 2015 U.S. Dist. LEXIS 34965, at *4 (S.D. Cal. Mar. 13, 2015)). *See also Gossett v. CMRE Fin. Servs., Inc.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) ("the outbound calls lists are relevant to the class claims and meritorious claims and defenses in this case"); *Gaines v. Law Off. of Patenaude & Felix, APC*, No. 13cv1556-JLS(DHB), 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014) ("the Court finds that the outbound dial list is relevant to the issue of numerosity and commonality under the Federal Rule of Civil Procedure 23(a), and is therefore discoverable").

This information is relevant to both class certification and merits; indeed, this is the crux of the case at trial because from the outbound dial list, it can be determined how many calls were made to offending telephone numbers, which determines liability and damages. For the Plaintiff to identify class members that may have a claim, he needs to obtain the call records, which will include all of the recipients of those calls, at which point an expert analysis can be performed to identify class members. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.,* No. 13-cv-01191-MPS, Doc. 102 (D. Conn. Dec. 5, 2014). *See also Johnson v. Comodo Grp.*, No. 16-4469 (SDW) (LDW), 2020 U.S. Dist. LEXIS 18033, at *21-22 (D.N.J. Jan. 31, 2020) (certifying a TCPA class action relying on expert witness testimony reviewing calling logs); *Southwell v. Mortg. Invs. Corp. of Ohio*, No. C13-1289 MJP, 2014 U.S. Dist. LEXIS 112362, at *11-12 (W.D. Wash. Aug. 12, 2014) (denying the plaintiff's motion for class certification in a TCPA case where the plaintiff's expert *did not* analyze call records, holding, "nor does the submission of Plaintiffs' second expert, Anya Verkhovskaya, assist the Court in finding that the numerosity prerequisite has been met in this case. Plaintiffs introduced her testimony purportedly to establish that it was possible to determine … the number of calls made to particular individuals after those individuals registered on the NDCNR or made do-not-call requests. Ms. Verkhovskaya's declaration is entirely prospective …. On this basis, her declaration cannot constitute proof of the numerosity element required to establish that Plaintiffs are entitled to prosecute a class action lawsuit."). Here, like in *Mey*, the Plaintiff, or his expert, will determine which calls were made to cellular telephone numbers and numbers charged for the call under 47 U.S.C. § 227(b)(1)(A)(iii) in order to prepare this case for class certification and trial. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting certain automated calls to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call").

Life Corporation has refused to produce the calling records for two reasons, neither of which has any merit. First, Life Corporation has asserted the right to unilaterally determine the typicality of Plaintiff's claim compared to the claims of other putative class members and then withhold discovery on that basis. In effect, Life Corporation is attempting to decide for itself the

typicality inquiry the Court must undertake at the class certification stage and redefine Plaintiff's proposed putative class in a self-serving way that reduces its potential damages. But that is not a legitimate objection to producing discovery. Specifically, Life Corporation has asserted that Plaintiff is not allowed to obtain records of calls to the putative class because Life Corporation believes that despite the fact that the putative class members all have claims under 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, Plaintiff's claim, which arises from a call to his VOIP line for which he was charged for the call, is not typical of the claims of class members who were called on their cell phones. However, in *Frey*, this Court compelled production of the records of all calls where the plaintiff alleged he was charged for the call, finding that the "call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a)" and noting that the putative class was defined as "all individuals to whom Frontier or its vendor made a non-emergency telephone call *to a cellular telephone number or to a number where the recipient is charged for the call*." *Frey*, 2020 U.S. Dist. LEXIS 260620, at *5 (emphasis added).

      Moreover, this Court has recently specifically rejected the argument that VOIP lines for which the called party is charged for the call are treated differently under 47 U.S.C. § 227(b)(1)(A)(iii) than cell phones in another case involving Mr. Perrong. *See Perrong v. Victory Phones LLC*, No. 20-5317, 2021 U.S. Dist. LEXIS 132404, at *14-20 (E.D. Pa. July 15, 2021). But regardless, a discovery objection is not the place to litigate typicality. This Court has found that call records are relevant to the typicality inquiry, so those records should be produced. Life Corporation can then make its typicality arguments at the class certification stage on a fully developed record.

Second, Life Corporation has asserted producing call records is unduly burdensome but has made no attempt to specify the actual burden involved in the production. This objection should be summarily overruled. *See Smith v. Navient Sols.*, *LLC*, No. 3:17-191, 2018 U.S. Dist. LEXIS 191183, at *4-5 (W.D. Pa. Nov. 8, 2018) ("The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient." (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982))). Indeed, records of telemarketing calls routinely produced in TCPA cases are typically kept in electronic files that can either be e-mailed or sent through another file delivery service. Life Corporation does not articulate a burden because there is no articulable burden.

## CONCLUSION

For the foregoing reasons, Life Corporation should be compelled to respond to Request for Production No. 16 in full.

Respectfully submitted,

**/s/ Jonathan P. Misny**
Joseph F. Murray (327025)
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
murphy@mmmb.com
misny@mmmb.com

Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: 508.221.1510
E-mail: anthony@paronichlaw.com

G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: 412.454.5599
E-mail: gckesq@gmail.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, hereby certify that on January 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

**/s/ Jonathan P. Misny**
Jonathan P. Misny