IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LIFE CORPORATION<br><br>　　　　　Defendant. | Case No. 21-cv-2188 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT LIFE CORPORATION'S MOTION TO COMPEL

### INTRODUCTION

Life Corporation seeks a variety of information that is irrelevant even to the meritless arguments it plans to make. And, even if there was some minimal relevance, Life Corporation's requests are highly intrusive and unduly burdensome, particularly considering some of the requests seek five years worth of records and others have no limit, placing them well outside the scope of permissible discovery and proportionality, and well before the Plaintiff turned 18 or filed a single lawsuit. Life Corporation further seeks to compel production of documents that Plaintiff has already clearly advised do not exist. Accordingly, Life Corporation's Motion to Compel should be denied in all respects.

## LAW AND ARGUMENT

**I.   Requests Nos. 4, 19 and 20 are not relevant or proportional.**

Life Corporation purports to seek the information in Requests Nos. 4, 19 and 20 in order to make an argument that Plaintiff lacks standing because he is a so-called "professional plaintiff." The information requested has no or minimal relevance to that argument, while the requests are unduly burdensome and intrusive to Plaintiff.

As an initial matter, certain documents Life Corporation seeks in response to Request No. 4 do not exist. While Life Corporation states that it also seeks documents to "determine how Mr. Perrong ... arranged for a subscription plan that includes a charge-per-call subscription," Plaintiff has previously confirmed that he has no documents regarding the origination of his account with Anveo. Plaintiff does not get any sort of special treatment from Anveo, nor did he "arrange" to have a subscription plan different from the one that any prospective customer of Anveo can obtain. And, Plaintiff has provided the relevant Terms of Use and Privacy Policy for his Anveo account. Dissatisfied with the fact that no additional documents exist, Life Corporation filed this motion to compel. However, dissatisfaction with the documents produced in discovery does not justify granting a motion to compel. *See Rivera v. Rendell*, No. 3:CV-10- 0505, 2017 WL 2985400, at *2 (M.D. Pa. July 13, 2017).

Life Corporation further contends it needs documents sufficient to show that Plaintiff paid the charge for the call at issue, but it already has sufficient information. Plaintiff provided the detailed "Account Transactions" report for his account with Anveo. This detailed report lists the exact amount, down to the hundredth of a cent, that Plaintiff was charged for *all calls* in May 2021, including the call from Life Corporation on May 6, 2021. The Account Transactions report also includes a note that states that Payment for the Anveo phone number for the month of

service was made for the phone number at issue. This proves that Life Corporation made the call to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). If, notwithstanding the language of the statute, Life Corporation believes that Plaintiff hasn't proved that element of his claim, it is free to make that argument at a later time.

      At bottom, then, the dispute over Request No. 4 is a dispute over whether Plaintiff need provide *five years* of personal, private call records to Life Corporation or whether the month of call records Plaintiff has already provided is sufficient. Plaintiff has already compromised on this point by offering a month of telephone records, as opposed merely to providing information about the call at issue. In fact, Life Corporation already has far more information than it needs, as it has all call records for the entire month of the call. Five years of calling records is nowhere near proportional to establishing whether the sole purpose of Plaintiff's use of his phone is to file TCPA litigation. Life Corporation already has a full month of call records. Life Corporation nebulously asserts that it needs to "identify calling patterns that would support Defendants' theory that Mr. Perrong is a professional plaintiff who lacks statutory standing under the TCPA," but never describes what these "calling patterns" could possibly be or how they could show Plaintiff lacks standing under any legal authority. For Life Corporation to dig through five years' worth of Plaintiff's personal telephone calls is highly intrusive fishing expedition that will not show anything that a month of records won't. Discovery isn't a fishing expedition for defenses:

> "Mr. Perrong objects, asserting that the request is both irrelevant and intrusive. He is right. This Court has already held that Mr. Perrong experienced an injury-in-fact because he received an unwanted phone call that temporarily deprived him of the use of his phone. And though Mr. Perrong's class activities might have been relevant if he had been seeking *actual* damages, he is not; he seeks only *statutory* damages. Absent a concrete showing of relevance, Victory Phones may not go digging into Mr. Perrong's class notes."

*See* ECF No. 26-2, p. 2 [*Victory Phones* Order Denying Defendant's Motion to Compel].

Five years of personal telephone records have nothing to do with the call at issue, which Life Corporation already has full information about. Life Corporation seeks this information solely to make a "professional plaintiff" argument. Requests No. 19 and 20 similarly seek information—all pre-litigation demand letters Plaintiff has ever sent and documents sufficient to identify Plaintiff's total amount of recovery from TCPA cases in the past five years—solely for the "professional plaintiff" argument, therefore Plaintiff will discuss all three requests together.

Life Corporation asserts that it intends to make an argument under *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) that Plaintiff lacks standing, but that case did not merely hold, as Life Corporation characterizes, that "a professional plaintiff could not pursue claims under the TCPA because she was not within the group of aggrieved consumers that Congress intended to protect in enacting the TCPA." (Doc. 28, p. 8.) Nor did *Stoops* stand for the proposition that the number of calls received on a telephone line or the number of telephone lines a TCPA plaintiff has was somehow insufficient to confer standing. The plaintiff in *Stoops* lacked standing because she testified her *sole purpose* for owning over 35 cell phones, which she carried in a shoebox everywhere she went, was to run what she referred to as a "TCPA litigation business." *Stoops*, 197 F. Supp. 3d 799-805 (W.D. Pa. 2016).

Similarly, the number of lawsuits filed or the amount of money the plaintiff made from filing lawsuits were not relevant considerations in the *Stoops* case, nor are they here. In another case involving Mr. Perrong, this Court recently explained that the reasoning in *Stoops* is not applicable to a so-called "professional plaintiff" merely because they are a repeat litigant or may be economically motivated to bring suit:

> Separate from the jurisdictional inquiry, a plaintiff must also contend with the presumption that a "statutory cause of action extends only to plaintiffs whose interests 'fall within the zone of interests protected by the law invoked.'" *Leyse*, 804 F.3d at

4

320 (quoting *Lexmark*, 572 U.S. at 129). Victory Phones argues that Mr. Perrong has so frequently alleged violations of the TCPA that he has turned himself into something of a professional plaintiff and appears to welcome unsolicited calls from which he then launches litigation.

The question is whether Mr. Perrong falls within the class of plaintiffs whom Congress has authorized can bring a suit under the TCPA. The TCPA does not hide its intended purpose to vindicate a plaintiff's privacy interests. TCPA, § 2, ¶ 5, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings). It was enacted to address the "proliferation of automated telemarketing calls . . . to private residences," which Congress found to constitute a nuisance and invasion of privacy. *Leyse*, 804 F.3d at 322; *see Mims*, 565 U.S. at 372. To that end, the TCPA prohibits calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned, among other things, to a "any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A). And it authorizes a private cause of action to people who receive calls that violate the Act, including statutory damages of $500 for each violation. *Id.* § 227(b)(3).

In determining whether a plaintiff's injury comes within the acceptable 'zone,' courts do not question whether Congress *should* have authorized the suit. The question is whether Congress did authorize it. *Lexmark*, 572 U.S. at 128. Victory Phones contends that Mr. Perrong's economic motivations—inferred from his prolific filings—removes him from the statute's zone of interests. Nothing in the text of the Act supports this argument.

Implicit in Defendant's statutory standing argument is the notion that expertise in plaintiff-side TCPA litigation is necessarily bad—bad enough to rob a plaintiff of his *future* ability to bring cases. "Nothing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017).**3** The Court declines to give Victory Phones a "free pass" simply because they robo-dialed a caller aware of his rights under the TCPA. *See, e.g., Evans v. Nat'l Auto Div., L.L.C.*, No. CV 15-8714, 2016 U.S. Dist. LEXIS 123660, 2016 WL 4770033, at *3 (D.N.J. Sept. 13, 2016); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017)(Although plaintiff has "telephone answering and recording equipment which is more sophisticated than that of the average consumer . . . [t]his

5

does not deprive the plaintiff of standing any more than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into.").

The Court declines, at this time, to find that Mr. Perrong lacks the interests that the TCPA is designed to protect. So doing, it rejects Victory Phones' argument—as has become routine for defendants in TCPA suits to advance—that this case should adopt the reasoning of the Western District of Pennsylvania in *Stoops v. Wells Fargo Bank, N.A*. 197 F. Supp. 3d 782 (W.D. Pa. 2016). The plaintiff in *Stoops* was found to lack statutory standing because her privacy interests were not violated when defendants called her. She specifically testified that she purchased at least 35 cell phones and cell phone numbers with prepaid minutes for the express purpose of filing TCPA suits "as a business." *Id.* at 798-800.

\*\*\*

*Stoops* is the narrow exception to TCPA statutory standing.**5** Courts have declined to extend its holding when the phone number was not procured for the express purpose of receiving calls on which to base future TCPA litigation. *See e.g., Evans*, 2016 U.S. Dist. LEXIS 123660, 2016 WL 4770033, at \*3 *("Stoops* is distinguishable from this case on the grounds that the plaintiff in that case acknowledged that she only purchased cell phones in order to file TCPA lawsuits."); *Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 418CV00118ALMCAN, 2019 U.S. Dist. LEXIS 38652, 2019 WL 1119365, at \*4 (E.D. Tex. Jan. 11, 2019), *report and recommendation adopted*, No. 4:18-CV-118, 2019 U.S. Dist. LEXIS 38294, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019) (Plaintiff "expressly acknowledged that she only purchased the cell phones at issue for the purpose of receiving automated telemarketing calls and subsequently filing TCPA suits.").

The injury which confers statutory standing exists regardless of the fact that Mr. Perrong's name has previously appeared on the left side of the "v." His decision to pursue his rights under the TCPA "should not negate otherwise privacy interests simply because [he] may be motivated to sue by the TCPA's damages provisions." *Abramson v. Oasis Power LLC*, No. 2:18-CV-00479, 2018 U.S. Dist. LEXIS 129090, 2018 WL 4101857, at \*5 (W.D. Pa. July 31, 2018), *report and recommendation adopted*, No. CV 18-479, 2018 U.S. Dist. LEXIS 146010, 2018 WL 4095538 (W.D. Pa. Aug. 28, 2018). Moreover, because the TCPA "is a remedial statute, it should be construed to benefit consumers." *Leyse*, 804 F.3d at 327. Victory Phones' argument finds no support in the text or spirit of the

6

> statute. At the motion to dismiss stage, Mr. Perrong's allegations fall within the zone of interests protected by the TCPA.

*Perrong v. Victory Phones LLC*, E.D.Pa. No. 20-5317, 2021 U.S. Dist. LEXIS 132404, at *9-14 (July 15, 2021). While *Victory Phones* was decided on a factual attack to jurisdiction before any discovery, this Court made clear that what matters in discovery as to statutory standing is whether the plaintiff maintained phone lines for the *sole purpose* of filing TCPA litigation, not how many cases were filed, the amount of money recovered in those cases, the number of calls received, or the telephone numbers a plaintiff possessed. In fact, the Court acknowledged Mr. Perrong had filed a "raft of lawsuits" but that had no bearing on the issue at hand. *Id.* at *12.

Accordingly, Requests No. 19 and 20 are irrelevant. Life Corporation argues that while Plaintiff has filed 95 federal lawsuits, he may have sent more pre-litigation demand letters. But even if that is true, and even if there are substantially more, it makes no difference. Likewise, the total amount recovered through the lawsuits and demand letters has no bearing on statutory standing. There is no amount after which a TCPA plaintiff has obtained too much in statutory damages and is no longer allowed to file suit under the statute. These requests are also highly burdensome. There are over a hundred demand and investigatory letters Plaintiff would have to gather and produce, including many in which the Plaintiff received no money. And, as Plaintiff has previously explained to Life Corporation, Plaintiff does not have any documents that show aggregated amounts recovered in TCPA lawsuits. He has produced a spreadsheet listing all of his cases and the outcome of each, including the amount of any judgments. But for him to provide "documents sufficient to show" the total amount of recovery, he would have to produce a multitude of records of confidential settlement agreements, which would also infringe on the privacy interests of other parties to those agreements without a legitimate justification.

**Plaintiff has no documents in response to Request No. 14.**

Plaintiff has fully responded to Request No. 14 by stating that, notwithstanding his objections, "there are no responsive documents." As stated above, dissatisfaction with the documents produced in discovery does not justify granting a motion to compel. *See Rivera v. Rendell*, No. 3:CV-10- 0505, 2017 WL 2985400, at *2 (M.D. Pa. July 13, 2017). Plaintiff further supplemented his response to clarify that he will again supplement his response after the Defendant produces the calling records necessary to analyze. The reason there are currently no responsive documents is because Plaintiff cannot identify class members until he has the Defendant's calling records to the putative class. Those records are currently the subject of a pending Motion to Compel. (*See* Doc. 22.) As Plaintiff has already described in his Motion to Compel, once Plaintiff has those records, he will provide them to an expert who will be able to analyze them and identify class members. (*See id.*, p. 2.) But, any documents, if any exist, that an expert that has yet to be retained might later use to identify class members if call records that are being withheld are later produced are not a proper subject of discovery at this point.

## CONCLUSION

For the foregoing reasons, Life Corporation's Motion to Compel should be DENIED.

Dated: May 11, 2022

   *s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

G. Clinton Kelley
304 Ross Street, 7th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5599
E-mail: gckesq@gmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

On May 11, 2022 the undersigned filed the foregoing on the Court's CM/ECF system.

*s/ Anthony Paronich*
Anthony Paronich