## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>LIFE CORPORATION,<br><br>                              Defendant. | Civil Action No. 2:21-cv-02188-JMY |

## REPLY OF DEFENDANT LIFE CORPORATION IN
## FURTHER SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Defendant Life Corporation hereby submits its reply brief in further support of its Motion to Compel Discovery of Plaintiff Andrew Perrong.  As asserted, the information responsive to these requests is essential to Defendant's defenses, including that Mr. Perrong is not an aggrieved consumer with statutory standing under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## ARGUMENT

Life Corporation has sought to compel discovery to Life Corporation's First Set of Requests for Production, Requests 4, 14, 19 and 20, in order to develop its defense that Andrew Perrong has brought the instant TCPA action not as an aggrieved consumer, but solely as part of a larger scheme to bring these cases as a

money-making endeavor.  As such, Defendants assert that Mr. Perrong is not among the individuals that Congress intended to protect in the TCPA, and thus lacks standing.  The deficiencies noted also relate to Mr. Perrong's proof of several essential elements of his claim under 47 U.S.C. § 227 (b)(1)(A)(iii).

### Request 4: Documents Related to Plaintiff's Voice Over Internet Protocol Telephone Service Provided

Life Corporation has requested that Mr. Perrong provide information sufficient to identify how it is that he came to have a charge-per call telephone service.  Mr. Perrong argues in opposition to this request that "Plaintiff does not get any sort of special treatment from Anveo, nor did he 'arrange' to have a subscription plan different from the one that any prospective customer of Anveo can obtain. And, Plaintiff has provided the relevant Terms of Use and Privacy Policy for his Anveo account."  Opp. at 2.  Mr. Perrong is correct, he did produce the "Anveo.com – Terms of Use," which he purports govern the Anveo account associated with the telephone number at issue.  However, as asserted in Life Corporation's Opposition to Plaintiff's Motion to Compel (ECF 25), the Anveo.com subscription plans associated with the Terms of Use produced, do not provide for the charge-per-call fee arrangements asserted by Plaintiff.  *See id*, Ex. B.  In fact, the Anveo.com website reveals pricing plans where there are no per

minute fees associated with the receipt of telephone calls.[1]  As such, Plaintiff has in fact provided very little information or insight as to how he was in fact charged for the alleged call at issue, which is the very basis for his instant TCPA claims.

Life Corporation seeks a response to Request 4 to determine how Mr. Perrong managed to arrange for a subscription plan that includes a charge-per-call subscription given the service he purportedly utilizes does not appear to provide such subscriptions, and further to identify calling patterns that would support Defendants' theory that Mr. Perrong is a professional plaintiff who lacks statutory standing under the TCPA, among other potential defenses.

Mr. Perrong opposes providing his call records for the entire alleged class period (which he defined).  His argument asserts that this request is not "proportional to establishing whether the sole purpose of Plaintiff's use of his phone is to file TCPA litigation," and supports this by saying that "Life

---

[1] See http://anveo.com/consumer/service.asp (last visited May 18, 2022) and included as Exhibit B to Life Corporation's Opposition to Plaintiff's Motion to Compel (ECF 25). Monthly billing options range from free to $40.55 per month (if paid annually) where the only distinguishing features between the plans are the additional services purchased by subscribers. The rate chart available found in Exhibit B, includes "Monthly Billing Option" with a range of rates. The first row following this line is titled "Anveo Voice 2.0 PBX/IP Voice". The columns following this row heading identify this service, i.e., the calling service, as "Included" in the monthly calling plan across all rate plans. Defendant's request seeks additional information from Perrong to establish how he was charged for the alleged call that forms the basis of his complaint, and whether that charge was paid.

Corporation already has a full month of call records." Opp. at 3. In seems disingenuous to argue that Life Corporation may be permitted to deduce from *one month of call records* whether Mr. Perrong's call patterns reflect those of an individual whose phone number in question serves only to procure TCPA violations. Understanding Mr. Perrong's call patterns will provide the necessary evidence to support Life Corporation's contention that Mr. Perrong's "sole purpose" for maintaining the telephone number at issue is to run, at least in part, his "TCPA litigation business," thereby mirroring the stated intentions of the Plaintiff in *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016).

Mr. Perrong also takes issue with the breadth of the request, seeking five years of call records, reflecting the five-year class period he himself defined. Opp. at 3. However, as noted in Appendix A Life Corporation's to Motion to Compel,[2] during the parties' January 31, 2022 Meet and Confer, Life Corporation, while reserving the right to seek responses for the full time period requested, offered to compromise the request to seek only one full year of Mr. Perrong's phone records and invoices for the account at issue. Mr. Perrong never responded to this offer of compromise.

---

[2] Appendix A appears to have been inadvertently omitted from Life Corporation's Motion to Compel and has been reproduced here as Appendix A to Life Corporation's Reply In Further Support of Its Motion to Compel.

Instead, Mr. Perrong argues that "[f]or Life Corporation to dig through five years' worth of Plaintiff's personal telephone calls is [sic] highly intrusive fishing expedition…Five years of personal telephone records have nothing to do with the call at issue." Opp. at 3-4. It is axiomatic that when a Plaintiff files a lawsuit, they do so with the understanding that discovery will be required, and that said discovery may require some abrogation of their expectation of privacy. Further, it is Life Corporation's intent to understand whether Mr. Perrong's call records do in fact show calls made for personal use. Mr. Perrong's arguments that the call records are "personal," is without basis and is exactly the issue Life Corporation intends to investigate.

Mr. Perrong's telephone service remains at the heart of his instant TCPA claims; any expectation that such business records maintained by Anveo, and within Mr. Perrong's custody or control are outside the scope of relevant discovery is misguided. Further, Mr. Perrong has made no argument to allege that compliance with this discovery request would somehow be unduly burdensome.

### Request 14: Documents Mr. Perrong Intends to Use to Identify the Proposed Class

Arguably the most important Request necessary to Life Corporation's defense against the class allegations asserted by Mr. Perrong, Life Corporation has sought information that will purportedly allow Plaintiff to identify the proposed class identified in the First Amended Complaint. As Life Corporation has made

5

clear, both in its Motion to Compel, and its Opposition to Plaintiff's Motion to Compel (ECF 25), Mr. Perrong has not explained how he intends to identify other similarly situated individuals, who like Perrong, used a VoIP service for which they were charged for each call.  And Life Corporation is not aware of how this could be done in a reasonable manner.

As explained in its Opposition to Plaintiff's Motion to Compel, Life Corporation asserts there is no feasible way to determine clearly whether any particular number is assigned to an individual using a VoIP service for which they were charged for the call.  *See* ECF 25, Valdez Decl. at ¶¶ 10-14.  To even attempt to identify individuals who are similarly situated to Perrong would involve an elaborate process involving dozens if not hundreds of subpoenas and hours of analysis. *Id*. at ¶ 13.  This is due to the fact that, in the absence of a subpoena, providers of voice services are prohibited by relevant law from disclosing the subscription plans of their subscribers.

Mr. Perrong's refusal to respond to this discovery request clearly demonstrates that he has no method of identifying potential class members, absent a highly individualized factual inquiry and makes clear that the instant Class Action Complaint is a fishing expedition.[3]  As such, it is unclear how Mr. Perrong

---

[3] Of course, class definitions that "necessitate individualized fishing expeditions" are impermissible. *Martinez v. Equifax Inc.*, No. CV 15-2100 (SRC), 2016 WL 226639, at *3 (D.N.J. Jan. 19, 2016).

plans to identify the proposed class, and said information is unquestionably essential to Defendants' defense.

### Requests 19 and 20: Documents Sufficient to Identify Mr. Perrong's Past TCPA Pre-Litigation Demand Letters and Total Amount of Recovery Received

The information sought in these requests, namely documents sufficient to identify all of Mr. Perrong's TCPA pre-litigation demand letters, and the total amount of discovery, is to further demonstrate that Mr. Perrong maintains the phone number in question (or other phone numbers) for the sole purpose of filing TCPA actions. The ability to deduce the volume of litigation Mr. Perrong has pursued and what amount of money Mr. Perrong has made off of said business, is in fact relevant to whether Mr. Perrong is an aggrieved consumer who receives unsolicited calls under the TCPA, or whether he in fact maintains the phone number in question for the sole purpose of receiving calls that then further his current TCPA litigation enterprise, particularly when viewed together with his call records (sought in response to Request 4).

Mr. Perrong produced "a spreadsheet listing all of his cases and the outcome of each, including the amount of any judgments," Opp. at 7, and while helpful in part, it begs noting that 80 of the 130 records provided indicate that the "Nature of the Relief/Disposition" was listed as "Settled (Confidential)." This further supports Life Corporation's contention that Mr. Perrong be compelled to fully respond to

Request 20.  To the extent Mr. Perrong has concerns about confidentiality, the parties can enter a protective order to protect the confidentiality of the documents and information to be produced.

## **CONCLUSION**

For the foregoing reasons, Life Corporation's Motion to Compel discovery to its First Set of Requests for Production, Requests 4, 14, 19 and 20, should be granted, as the information sought is essential to allow Life Corporation the means to properly defend itself in the instant litigation.

Dated: May 18, 2022                         Respectfully submitted,

/s/ Ezra D. Church
MORGAN, LEWIS & BOCKIUS LLP
Ezra Dodd Church
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5710 (telephone)
(215) 963-5001 (facsimile)
ezra.church@morganlewis.com

## **CERTIFICATE OF SERVICE**

I certify that on this 18 day of May, I caused the foregoing Motion to Compel

Discovery to be served upon all counsel of record via the Court's CM/ECF system.


/s/ *Ezra D. Church*

Ezra D. Church