# APPENDIX A

| Request (September 21, 2021) | First Response (October 29, 2021) | Deficiencies Identified (November 19, 2021) | First Amended Response (January 21, 2022) | Meet & Confer (January 31, 2022) | Second Amended Response (February 8, 2022) |
|---|---|---|---|---|---|
| **Request 4**: All Documents related to the Your Voice over Internet Protocol ("VoIP") telephone service provided by Anveo, including, but not limited to, your contract for services, Communications concerning Anveo's services, invoices for services rendered, and records of payment of those services for the past five (5) years. | Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone number or calls at issue in this case. Notwithstanding the foregoing, the Plaintiff will provide copies of his telephone records for the calls at issue in this case, proof of payment for the calls at issue in this case, and Anveo's Terms of Use and Privacy Policy. | We believe the contract for services, and any communications concerning the service arrangement are necessary discovery. This includes when Mr. Perrong engaged Anveo for telephone services and all of the services he has contracted for. We also believe any call records should not be limited to only the call in question. | Notwithstanding the foregoing responses and objections, which are expressly reserved and reincorporated herein, the Plaintiff states: The Plaintiff will additionally provide the telephone records for the telephone number at issue in this case for the month he received the call at issue in this case. | While reserving its right to seek responses for the full time period requested, Life Corporation offered a compromise requesting one full year of of Mr. Perrong's phone records and invoices for the account at issue, and noted that records of payment to Anveo for services rendered had not yet been produced. | **No amended response provided.** |
| **Request 14**: All Documents You intend to use to identify the proposed class identified in Paragraph 38 of the First Amended Complaint. | The Plaintiff objects insofar as these documents are more available to the Defendant as the Plaintiff and are not within the Plaintiff's possession, care, custody, or control. Furthermore, discovery is still in its early stages and the Defendant has yet to produce | If there is any documentation that will be used in identifying the class members that would be responsive to this request. That includes, but is not limited to any documentation from your expert you referenced, the programing or databases he uses, etc. | Notwithstanding the foregoing responses and objections, which are expressly reserved and reincorporated herein, the Plaintiff states: the Plaintiff will supplement this response after he receives the calling records necessary to analyze. | | **No amended response provided.** |

| | | | | | |
|---|---|---|---|---|---|
| | documentation identifying class members, which has been requested in discovery. The Plaintiff objects insofar as documents identifying putative class members have not yet been produced and the class members have not yet been ascertained. Notwithstanding the foregoing, there are no responsive documents. | | | | |
| **Request 19:** All Documents sufficient to identify all pre-litigation demand letters concerning claims under the TCPA that You have set, or have caused to be sent. | Plaintiff objects to the extent the request is not relevant to any party's claim or defense or proportional to the needs of the case other than any such communications or correspondence in this case or related to the Defendants in this case. This request purports to request all pre-litigation demand letters under the TCPA, which might include, without limitation, confidential settlement communications with opposing counsel, attorney-client privileged | Pre-litigation demand letters sent to third parties would not be privileged, and are directly relevant to Mr. Perrong's statutory standing as a professional plaintiff. | **No amended response provided.** | Counsel for Mr. Perrong stated the parties were likely at an impasse but stated he would confirm with his client. | **No amended response provided.** Counsel confirmed on March 8, 2022, that Mr. Perrong did not intend to provide an Amended Response to this request. |

| | | | | | |
|---|---|---|---|---|---|
| | communications and similar correspondences wholly unrelated to this case or the claims or defenses therein. The Plaintiff further objects as the information sought is for the sole purpose of harassing the Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. | | | | |
| **Request 20:** All Documents sufficient to identify the total amount of recovery by You in TCPA cases, actually litigated or otherwise, within the past five (5) years. | Plaintiff objects to the extent the request is not relevant to any party's claim or defense or proportional to the needs of the case other than any such recovery in this case or related to the Defendants in this case. This request purports to request | This is information that is relevant to Mr. Perrong's statutory standing and is well within his possession and control. | **No amended response provided.** | Counsel for Mr. Perrong stated the parties were likely at an impasse but stated he would confirm with his client. | **No amended response provided.** Counsel confirmed on March 8, 2022, that Mr. Perrong did not intend to provide an Amended Response to this request. |

3

| | documents sufficient to identify Plaintiff's recovery in TCPA cases, which might include, without limitation, confidential settlement communications with opposing counsel, attorney-client privileged communications and similar correspondences wholly unrelated to this case or the claims or defenses therein. The Plaintiff further objects as the information sought is for the sole purpose of harassing the Plaintiff. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. | | | | |
|---|---|---|---|---|---|